**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SIMPSON | Case No.: 3:17-cv-133 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (42 U.S.C §§ 1983) |
| | (Cal. Civ. Code §52.1) |
| | (Cal. Penal Code §242) |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JOHN FERGUS, individually and in his capacity as a City of San Francisco Police Officer; THOMAS BUCKLEY, individually and in his capacity as a City of San Francisco Police Officer; ELIZABETH MORSE, individually and in her capacity as a City of San Francisco Police Officer; ANDREW CLIFFORD, individually and in his capacity as a City of San Francisco Police Officer; DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

**INTRODUCTION**

1.     This action arises out of the unlawful arrest and beating of Brandon Simpson by City of San Francisco Police Officers John Fergus, Thomas Buckley, Elizabeth Morse and Andrew Clifford in the Tenderloin district of San Francisco.

2.     At approximately 11 p.m. on December 1st, 2015, Mr. Simpson was peacefully gathered with a group of people on the corner of Taylor and Eddy in the Tenderloin District. There were no reports or complaints regarding the group when Officers Fergus and Buckley brought their patrol car to a sliding stop in front of the group.  In response, the group, including Mr. Simpson, began to disperse.  To that end, Mr. Simpson began casually walking up the street while holding nothing but a water bottle in his hand.

3.     Without warning, Officer Buckley grabbed Mr. Simpson from behind.  Then Officers Buckley, Fergus, Clifford and Morse tackled him to the ground.  Next the Officers began to punch and knee Mr. Simpson. Video footage of the incident shows the four officers on top of Mr. Simpson punching and kneeing him without remorse while he was lying flat on the ground.

4.     In an effort to justify the Officers' excessive use of force, the Defendant Officers concocted a completely fabricated story about their encounter with Mr. Simpson.  The Officers claimed he ran, fought and actively resisted being brought into custody.  The Officers repeated their false accounts in their police reports and on the witness stand during the course of the Federal prosecution against Mr. Simpson.  Fortunately, the Officers' lies were exposed when a videotape surfaced that contradicted the Officers' claims.  After reviewing the videotape, United States District Court Judge Breyer dismissed the bogus criminal charges and recommended Officer Buckley be disciplined for his misconduct.

**JURISDICTION**

5.     This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district. Title 28 United State Code Section 1391 (b)

1   confers venue upon this Court.

2

3                                        **PARTIES**

4        10.     Plaintiff BRANDON SIMPSON ("Simpson") is a competent adult, a resident of

    OAKLAND, CALIFORNIA, readily recognizable as an AFRICAN-AMERICAN male, and is a

5   United States Citizen.

6        11.     Defendant CITY AND COUNTY OF SAN FRANCISCO ("hereinafter

7   Defendant") is and at all times herein mentioned is a municipal entity duly organized and

8   existing under the laws of the State of California that manages and operates the CITY OF SAN

9   FRANCISCO POLICE DEPARTMENT.

10       13.     Defendant JOHN FERGUS (Badge No. 1943), was and at all times mentioned

11  herein is a police officer for the City of San Francisco, and is sued in his individual and official

12  capacity.

13       14.     Defendant NICHOLAS BUCKLEY (Badge No. 528), was and at all times

    mentioned herein is a police officer for the City of San Francisco, and is sued in his individual

14  and official capacity.

15       15.     Defendant ELIZABETH MORSE (Badge No. 1268), was and at all times

16  mentioned herein is a police officer for the City of San Francisco, and is sued in her individual

17  and official capacity.

18       16.     Defendant ANDREW CLIFFORD (Badge No. 2388), was and at all times

19  mentioned herein is a police officer for the City of San Francisco, and is sued in his individual

20  and official capacity.

21       17.     Plaintiff is ignorant of the true names and/or capacities of defendants sued herein

    as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.

22  Plaintiff will amend this complaint to allege his true names and capacities when ascertained.

23  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable

24  for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused

25  injuries and damages because of their negligence, breach of duty, negligent supervision,

management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

18.     In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City and County of San Francisco.

19.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

20.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

21.     Plaintiff filed a state claim of action for their state causes of action and received a letter of rejection from the Defendant City and County of San Francisco on July 11, 2016.

## STATEMENT OF FACTS

22.     At approximately 11 p.m. on December 1st, 2015, Mr. Simpson was peacefully gathered with a group of people on the corner of Taylor and Eddy in the Tenderloin District.

23.     Nevertheless, without receiving any reports or complaints about the group, San Francisco Police Officers decided to detain and/or arrest the group in order to investigate their hunch the young men were engaged in playing craps.  To that end, Officers kept the group under surveillance until they abruptly brought their patrol cars to a sliding and screeching stop in front of the group. The group dispersed with some of the young men running while others walked away.

25.     Officers Buckley and Fergus jumped out of their patrol car and began running toward the group. Mr. Simpson was casually walking up the street when he overheard Officer Buckley said something to the effect of "What's going on, guys" to the dispersing group.

26.     Mr. Simpson continued to casually walk away and was holding nothing but a water bottle in his hand when Officer Buckley seized him from behind.  Next, Officers Buckley, Fergus, Morse and Clifford tackled Mr. Simpson to the ground where they began to beat, punch and knee him as he lay on the ground.

27.     Once Mr. Simpson was placed in handcuffs, he immediately began to complain about the injuries he suffered to his head and upper body. It was only after the Defendant Officers began to panic about the consequences of the beating they administered did they claim to have found a gun that was supposedly concealed in a sock that was reportedly in the general vicinity where Mr. Simpson was beaten.  Mr. Simpson vociferously denied that the gun belonged to him and made a point of reminding the Officers there were several other people besides him who were also in close proximity to gun based upon where they claim they found it.

28.     Officer Buckley wrote a sworn, detailed report that fabricated his encounter with Mr. Simpson in order to justify the officers' unlawful arrest and use of excessive force. Officer Buckley claimed in his perjured version of events: he ran in front of Mr. Simpson; that he made contact with Mr. Simpson three times and that each time Mr. Simpson evaded the officer by moving up and down the street; that he asked Mr. Simpson multiple questions; that Mr. Simpson kept his hands near his waistband and refused to show his hands to Officer Buckley; that Mr. Simpson attempted to run away; and that Mr. Simpson was walking with a limp as if he was trying to conceal a gun.

29.     Officer Buckley reaffirmed each and every point of this perjured story a second time when the officer testified in federal court before Federal Judge Breyer during an evidentiary hearing. Officer Buckley went so far as to describe the incident using an aerial map of the street corner and marker to denote each and every detail of his false narrative during his court testimony.

30.     In contradiction to Officer Buckley's fabricated description of events, a surveillance video showed Mr. Simpson casually walking with a water bottle in his hand when Officer Buckley suddenly seized Mr. Simpson from behind. The video goes on to show the group of Defendant Officers tackle and beat Mr. Simpson while he was on the ground.   In light of the foregoing, Judge Breyer dismissed the bogus criminal charges.  Judge Breyer was apparently so offended by Officer Buckley's conduct he encouraged the U.S. Attorney to hand over the evidence to the San Francisco Police Department in order for the officer to be disciplined for perjury. Judge Breyer also remarked that had it not been for video footage of the incident, he would have believed Officer Buckley, which would have ultimately resulted in Mr. Simpson being unjustly convicted and subject to a lengthy prison sentence.

31.     As a result of the officers' unconstitutional arrest, Mr. Simpson was physically and emotionally injured along with suffering pecuniary and emotional injuries while he was in custody defending against the trumped up charges.

## DAMAGES

32.     As a proximate result of Defendants' conduct, Plaintiff suffered wrongful detention and arrest.  As a further proximate result of Defendants' conduct, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

33.     The conduct of the Defendant Police Officers was malicious, wanton, and oppressive.  Plaintiff is therefore entitled to and award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Fourth Amendment – Detention and Arrest under 42 U.S.C. Section 1983)
*(Against Defendants John Fergus, Thomas Buckley, Elizabeth Morse, Andrew Clifford and DOES 1-25)*

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this complaint.

35.     At the time Defendant Officers seized Plaintiff, officers did not have reasonable suspicion to justify the detention nor did they have probably cause to make an arrest. Officers simply seized Plaintiff from behind, forced him to the ground, beat Plaintiff into submission, arrested and imprisoned him, which violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

36.     The Defendant Officers detained Plaintiff without reasonable suspicion and arrested him without probable cause, in violation of their training and the law. As a result of their misconduct, all these Defendant Officers are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)
*(Against Defendants John Fergus, Thomas Buckley, Elizabeth Morse, Andrew Clifford and DOES 1-25)*

37.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38.     When the Defendant Officers beat Plaintiff during an unlawful detention and arrest, they deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable,

especially because officers did not have a lawful basis to detain Plaintiff when the four

Defendant Officers piled on top of Plaintiff, kneed and punched Plaintiff without cause, which

violated their training and Plaintiff's constitutional rights under the Fourth Amendment.

39.     As a result of their misconduct, each of the Defendant Officers is liable for

Plaintiff's injuries, either because they were an integral participant in, or failed to intervene in,

the conduct described above;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**THIRD CAUSE OF ACTION**
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Against Defendant CITY AND COUNTY OF SAN FRANCISCO and DOES 26-50)*

40.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1-39

of this complaint.

41.     Plaintiff is informed and believes and thereon alleges that high ranking

CITY AND COUNTY OF SAN FRANCISCO officials, including Defendants, and DOES 26-

50, and/or each of them, knew and/or reasonably should have known about acts of misconduct

by Defendants, and DOES 1-25, and/or each of them.

42.     Despite having such notice, Plaintiff is informed and believes and thereon alleges

that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged

and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights

violations by said officers.

43.     Plaintiff is further informed and believes and thereon alleges that as a result of the

deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants,

and DOES 1-50, and/or each of them, encouraged these officers to continue their course of

misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

44.     As against Defendant CITY AND COUNTY OF SAN FRANCISCO,

Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND

COUNTY OF SAN FRANCISCO, Plaintiff further alleges that the acts and/or omissions

alleged in the Complaint herein are indicative and representative of a repeated course of

conduct by members of the CITY OF SAN FRANCISCO POLICE DEPARTMENT
tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the
abuse of police authority, and disregard for the constitutional rights of citizens.

45.     Plaintiff is informed and believes and thereon alleges that the acts and omissions
alleged herein are the direct and proximate result of the deliberate indifference of Defendants
and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF
SAN FRANCISCO, and each of them, to repeated acts of misconduct, which were tacitly
authorized, encouraged or condoned by the Defendants and/or DOES 1-50 in his/their capacity
as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO, and each of them.

46.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and
proximate result of said customs, policies, patterns and/or practices of Defendants and/or
DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN
FRANCISCO, and each of them.

47.     Plaintiff is informed and believes and thereon alleges that the damages sustained
as alleged herein were the direct and proximate result of municipal customs and/or policies of
deliberate indifference in the training, supervision and/or discipline of members of the
Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND
COUNTY OF SAN FRANCISCO.

48.     Plaintiff is further informed and believes and upon such information and belief
alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or
practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the
CITY AND COUNTY OF SAN FRANCISCO, and each of them, of deliberate indifference in
the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

49.     The aforementioned customs, policies or practices of Defendants and/or DOES 1-
50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN
FRANCISCO, and each of them, resulted in the deprivation of Plaintiff's constitutional rights.

50.     The aforementioned acts and/or omissions and/or deliberate indifference by high
ranking CITY AND COUNTY OF SAN FRANCISCO officials, including high ranking SAN

FRANCISCO POLICE DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY AND COUNTY OF SAN FRANCISCO resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

    c.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

51.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (False Arrest/Imprisonment in violation
### of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")
*(Against Defendants John Fergus, Thomas Buckley, Elizabeth Morse, Andrew Clifford and DOES 1-50)*

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this complaint.

53. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights, including but not limited to his right to be free from unreasonable search and seizure, to due process, to equal protection of the laws, to be free from state actions that shocks the conscience, and to life, liberty, and property, secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(Against Defendants John Fergus, Thomas Buckley, Elizabeth Morse, Andrew Clifford and DOES 1-25)*

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 of this complaint.

55.     Defendants, while working as police officers for the CITY OF SAN FRANCISCO, and acting within the course an scope of their duties, intentionally struck, grabbed, punched and kneed Plaintiff as well as forced him into handcuffs and imprisoned him without a lawful basis.

56.     As a result of the actions of these Defendants, Plaintiff suffered physical injuries. The Defendant Officers did not have legal justification for using force against Plaintiff, and these Defendants' use of force while carrying out their police officer duties was an unreasonable use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### JURY DEMAND

57.     Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages in a sum to be proven at trial;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For reasonable attorney's fees pursuant to California Civil Code Section 52.1;

6.     For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated: January _____, 2017                    **Law Offices of John L. Burris**


                                                     ____/s/  **John L. Burris**_____
                                                     John L. Burris
                                                     Attorneys for Plaintiff