UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SIMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 4:17-cv-00133-KAW<br><br>**ORDER REGARDING 1/17/18 JOINT LETTER RE: STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 47 |

On January 17, 2018, the parties filed a joint letter concerning the terms of their proposed stipulated protective order. (Joint Letter, Dkt. No. 47.) In sum, Defendants seek to alter the terms "to take[] into account the unique nature of the privileges that protect a criminal investigative file, which the Model Protective Order does not." (Joint Letter at 3.)

As an initial matter, the Court is not persuaded by Defendants' argument that Plaintiff's counsel's prior stipulation to these modifications in other cases has any bearing on the instant case. (Joint Letter at 4.) Currently, Defendants are proposing three modifications.

First, Defendants seek to modify the provision that places the burden on the Designating Party when challenging a confidential designation instead of placing the burden on the Challenging Party, as provided in the Model Order. (Joint Letter at 3.) This modification is not permitted, and the parties shall adopt the terms in the Model Protective Order.

Second, Defendants seek to modify Model Order ¶ 2.3 by including a "Highly Confidential—Attorneys Eyes Only" designation, which they claim is appropriate since Plaintiff is incarcerated and Plaintiff's counsel seeks "wide-ranging discovery related to multiple officers in support of his *Monell* claim." (Joint Letter at 4.) Plaintiff opposes this modification on the grounds that "these types of records are routinely produced and thereafter protected by way of the

Model Protective Order, without incident." (Joint Letter at 2.) That Plaintiff is incarcerated and may be permitted to review confidential materials does not mean that they are not sufficiently protected by the Model Order. Accordingly, the parties shall utilize the language in the Model Order, and Defendants' proposed modification is denied.

Third, Defendants' Proposed Order omits the second paragraph of ¶ 5.1 of the Model Order, which admonishes the parties that "mass, indiscriminate, or routinized designations are prohibited" and warns that designations shown to be clearly unjustified or made for an improper purpose will expose a party to sanctions. (*See* Joint Letter at 2.) Defendants do not address why this language should not omitted. Thus, the Court will not permit the proposed modification.

In light of the foregoing, the Court finds that Defendants' proposed modifications are unwarranted, and the parties shall file a stipulated protective order, identical to the Model Protective Order, within 7 days of this order.

IT IS SO ORDERED.

Dated: February 5, 2018

KANDIS A. WESTMORE
United States Magistrate Judge